UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-22956-KMW

C.F.C., S.C.C., WECOUNT! INC., and
FLORIDA IMMIGRANT COALITION, INC.,

    Plaintiffs,
v.

DANIEL JUNIOR, in his official capacity as
Director of the Miami-Dade Corrections and
Rehabilitation Department,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO THE COURT'S *ORE TENUS* NOTICE
REGARDING INTENT TO APPOINT MASTER
PURSUANT TO FEDERAL RULE OF PROCEDURE 53**

Pursuant to this Court's instructions, Defendant files the following response to the Court's notice of its intent to appoint a master under Federal Rule of Civil Procedure 53, as stated in open court during the conclusion of the Evidentiary Hearing held on July 22, 2024.

While Defendant appreciates the Court's desire for a master to facilitate communication between the parties, Defendant is deeply concerned about the parameters and associated costs of such work, as well as the apportionment between the parties of such likely costs. As Federal Rule of Civil Procedure 53 notes, "[i]n appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." FED. R. CIV. P. 53(a)(3).

As an initial matter, unless the appointed master is performing their appointed duties on a *pro bono* basis, Defendant strenuously objects to any apportionment of costs that does not split the expenses of the master between the parties. Defendant submits its concern regarding cost might be

obviated by the appointment of a Magistrate Judge to, as the Court stated, "shepherd" communications between the parties and hold monthly meetings. A referral of this matter to the Magistrate Judge may be accomplished, however, without the need to invoke Rule 53, which may be simpler and preferable in its simplicity. "[R]eference to a master shall be the exception and not the rule." *Richardson v. Trump*, 496 F. Supp. 3d 165, 190 (D.D.C. 2020) (citing FED. R. CIV. P. 53(a)). The circumstances presented here do not constitute such exceptional circumstances.

To the extent the Court nevertheless seeks to proceed with a master pursuant to Rule 53, Defendant understands the Court's stated intent of such an appointment to be to "shepherd" the parties in connection with the revised screening process for six months and conduct monthly meetings with the parties and, ideally, non-party Office of the Public Defender. Again, given Defendant's deep concern regarding the likely expenses to be incurred by the appointment of a master, the parameters of the master's appointment and the extent of the expected work need to be carefully and expressly cabined. It does not take a particularly creative imagination to foresee the possibility, particularly in a world where a master's expenses are to be paid in whole or in part by Defendant, of Plaintiffs racking up costs by demanding communications with and interventions by an appointed master that go above and beyond monthly meetings. Plaintiffs have made no secret of the frequency with which they attempt to seek court intervention and invoke judicial resources. *See, e.g.*, Plaintiffs' Second Status Report (D.E. 171); Plaintiffs' Third Status Report (D.E. 176); Plaintiffs' Fourth Status Report (D.E. 181); Plaintiffs' Motion for Leave to File Expedited Motion (D.E. 204); Plaintiffs' Motion for Leave to File Motion for Clarification (D.E. 214). Defendant is extremely apprehensive of a situation where Plaintiffs are able to reach out to a master at any time, without limit, and foist the costs of such unilaterally-sought communications onto Defendant.

To that end, Defendant would propose the following: a master, appointed pursuant to Federal Rule of Procedure 53, whose role would be expressly limited to conducting monthly meetings with the parties, with an invitation to non-party Office of the Public Defender to join, to discuss the implementation of the revised screening process pursuant to Section 1.1 of the Partial Settlement Agreement. The master's communications with the parties would be limited to the monthly meetings, at which the parties would be afforded the opportunity to discuss any issues with the master. At the monthly meetings, the master may communicate with the parties, or with non-party Office of the Public Defender, on an *ex parte* basis, similar to a mediation where the mediator communicates with each party separately. The monthly meetings shall be held remotely, and may be conducted telephonically or via videoconference. The master may schedule the monthly meeting with each party separately, but all monthly meetings shall occur within 72 hours of each other.

Defendant would agree to provide the master with the following data on a monthly basis: the number of declarations received in the last 30 days, the dates on which those declarations were received, whether each declaration was approved or denied, and the date on which the approval or denial was sent, as applicable. Defendant would provide this information to the master no later than seven calendar days in advance of the monthly meeting with Defendant.

Defendant would further posit that such an appointment must have a specified end date, and would propose that the appointment terminate at the end of 2024. Such language would be consistent with the sunset of the reporting requirements provided for in the text of the Partial Settlement Agreement, which provides that "Defendant shall, upon request by the Plaintiff Organizations, provide a report every six months **through 2024** . . . ." Section 1.5 of Partial Settlement Agreement (D.E. 119-1) (emphasis added). Defendant would propose the appointment

3

order provide the master may, but is not required to, provide a report to the Court at the conclusion of the appointment. No other reports shall be contemplated by the appointment, and the master may not issue orders to the parties. Defendant would request that *ex parte* communications between the master and the Court be prohibited. Any appointment order should specify that the master's communications regarding this action should be limited to the parties and to non-party Office of the Public Defender.

Unless the Court appoints a Magistrate Judge or an individual who agrees to serve in the role of master on a *pro bono* basis, Defendant would ask that any expenses incurred by the master be capped at $15,000 and be split equally between the parties, with 50% to be paid by Plaintiffs and 50% to be paid by Defendant.

Defendant would request that the parties (with an invitation to non-party Office of the Public Defender) either be given an opportunity to propose a slate of candidates to the Court for appointment or be given an opportunity to choose a candidate, or rank candidates, from a slate of candidates proposed by the Court. Otherwise, Defendant would propose any active Magistrate Judge from the Southern District of Florida as a candidate for master.

In summary, then, Defendant would propose that, if the Court decides to proceed with the appointment of a master pursuant to Rule 53, the appointment order:

- Appoint an active Magistrate Judge of the Southern District of Florida to serve as master;
- Provide for the master to serve on a *pro bono* basis, failing which costs and expenses shall be capped at $15,000, with 50% to be paid by Plaintiffs and 50% to be paid by Defendant;
- Provide that the appointment shall terminate on December 31, 2024;

- Expressly limit the master's role to conducting monthly meetings with the parties, with an invitation to non-party Office of the Public Defender to join, to discuss the implementation of the revised screening process pursuant to Section 1.1 of the Partial Settlement Agreement;
- Limit communications with the parties to the monthly meetings, which may be *ex parte*;
- Prohibit *ex parte* communications with the Court;
- Provide that the monthly meetings shall be held remotely, telephonically or via videoconference, and if conducted separately with each party, shall occur within 72 hours of each other;
- State that Defendant shall provide the master, seven days before each monthly meeting with Defendant, with: (i) the number of declarations received in the last 30 days, (ii) the dates on which those declarations were received, (iii) whether each declaration was approved or denied, and (iv) the date on which the approval or denial was sent, as applicable;
- Limit the master's communications regarding this action to the parties and non-party Office of the Public Defender; and
- Provide the master may, but is not required to, file a report with the Court at the conclusion of the appointment, that no other reports shall be contemplated by the appointment, and that the master may not issue orders to the parties.

Defendant objects to any appointment that goes above and beyond or otherwise conflicts with the parameters set out above, and would request an opportunity to respond to any appointment order.

Dated: July 25, 2024                               Respectfully submitted,

                                                   GERALDINE BONZON-KEENAN
                                                   Miami-Dade County Attorney
                                                   Stephen P. Clark Center
                                                   111 NW 1st Street, Suite 2810
                                                   Miami, FL 33128
                                                   Phone: (305) 375-5151

                                                   By: *s/ Anita Viciana*
                                                   Anita Viciana
                                                   Assistant County Attorney
                                                   Florida Bar No. 115838
                                                   e-mail: anita@miamidade.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

                                                   *s/ Anita Viciana*
                                                   Assistant County Attorney

6