UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-22956-KMW

C.F.C., S.C.C., WECOUNT! INC., and
FLORIDA IMMIGRANT COALITION, INC.,

      Plaintiffs,

v.

DANIEL JUNIOR, in his official capacity as
Director of the Miami-Dade Corrections and
Rehabilitation Department,

      Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' SUPPLEMENTAL SCHEDULE OF FEES**

      Defendant files this brief response in opposition to Plaintiffs' Supplemental Schedule of Fees (DE 233-1). As an initial matter, Defendant incorporates by reference all of the arguments previously made in Defendant's Response in Opposition to Plaintiffs' Schedule of Fees (DE 213). In their Supplemental Schedule of Fees, Plaintiffs again submit an astronomical figure—$146,270, _on top of the previous $380,392.00_—for less than three months of work, and for work that was all completed <u>after</u> April 7, 2024, the date on which Defendant advised that a revised screening process was in place, in compliance with Section 1.1 of the Partial Settlement Agreement. *See* Defendant's Status Report (DE 196).

      Again, Plaintiffs double- and triple-bill multiple entries, including separate travel. And perhaps most incredibly, Plaintiffs have again included time spent by the University of Miami School of Law's Immigration Clinic on screening inmates—borne out of Plaintiffs' own proposal "that the University of Miami School of Law Immigration Clinic substitute for the Office of the Public Defender, if that office continues to decline to participate" (Plaintiffs' Second Status Report

(DE 171))—despite the fact that the Partial Settlement Agreement (DE 119-1) has never contemplated paying the Office of the Public Defender, or any private counsel, fees for work performed as part of the screening process. Again, Defendant stresses that neither the text nor the historical implementation of the Partial Settlement Agreement has recognized or permitted fees for such work. This Court should reject Plaintiffs' attempt to create a fee-generating structure for this work where the Partial Settlement Agreement does not. All time spent by the University of Miami School of Law's Immigration Clinic in their capacity as a clinic participating in the screening process and not in their capacity as counsel for Plaintiffs should be categorically excluded from any fee award.

Plaintiffs' Supplemental Schedule of Fees not only suffers from the same infirmities as the initial Schedule of Fees, but also proposes awarding fees for work that post-dates Defendant's full compliance with the Partial Settlement Agreement. Plaintiffs have not established an entitlement to any fees that *post-date* April 7, 2024, and the Court should not award fees for any of the work performed after this date.

Again, Defendant maintains—as he did in his Response to the Motion to Enforce (DE 161), his Response in Opposition to Plaintiffs' Schedule of Fees (DE 213), and his Response to the Amended Motion to Enforce (DE 215)—that Plaintiffs are not entitled to *any* of the relief sought in the initial Motion to Enforce (DE 155) or the Amended Motion to Enforce (DE 211), including fees and costs. It is axiomatic that Plaintiffs are only entitled to fees if they prevail. This is also in line with the express terms of the Partial Settlement agreement. *See* Section 11 of the Partial Settlement Agreement ("The Parties agree that the **prevailing** Party in any proceeding arising out of this Agreement shall be entitled to its attorney's fees and costs of court.") (emphasis added).

But even if this Court were to award some fees—as it has indicated it intends to do (*see* Omnibus Order at 2 (DE 237))—it should not only categorically exclude time spent screening inmates and drastically reduce hours claimed as a result of double- and triple-billing, but also decline to award *any* fees that post-date April 7, 2024, the date on which Defendant advised that a revised screening process was in place in compliance with Section 1.1 of the Partial Settlement Agreement. All of the fees submitted in the Supplemental Schedule of Fees post-date April 7, 2024. *See generally* Plaintiffs' Supplemental Schedule of Fees (DE 233-1).

In sum, as previously argued, Plaintiffs' duplicative and excessive billing, claiming of work done through the University of Miami School of Law's Immigration Clinic as part of their participation in the screening process, unreasonably high hourly rates, and generally questionable billing judgment throughout both the initial Schedule of Fees and the Supplemental Schedule of Fees all compel a drastic reduction of the fees listed in the initial Schedule of Fees and a complete exclusion of the fees listed in the Supplemental Schedule of Fees. "A request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437.

And finally, in no event should any fee award issue prior to the resolution and conclusion of Plaintiffs' claims regarding enforcement of the Partial Settlement Agreement. In other words, Plaintiffs should not receive an interim fee award—only once the matter of the Amended Motion to Enforce is concluded may a prevailing party be identified and fees accordingly awarded. This includes the conclusion of the term of any appointed master in this action.

Dated: August 8, 2024                                              Respectfully submitted,

                                                                   GERALDINE BONZON-KEENAN
                                                                   Miami-Dade County Attorney
                                                                   Stephen P. Clark Center
                                                                   111 NW 1st Street, Suite 2810
                                                                   Miami, FL 33128
                                                                   Phone: (305) 375-5151

By: *s/ Anita Viciana*
Anita Viciana
Assistant County Attorney
Florida Bar No. 115838
e-mail: anita@miamidade.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

*s/ Anita Viciana*
Assistant County Attorney